Electronically Filed
9/29/2023 6:21 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4070-23-M

CAUSE NO. _____

| | | |
|---|---|---|
| **VERONICA MAFLE** | § | IN THE DISTRICT COURT |
| *Plaintiffs*, | § | |
| | § | |
| **VS.** | § | |
| | § | _____ JUDICIAL DISTRICT |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY** | § | |
| | § | |
| *Defendant.* | § | **HIDALGO COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER

**NOW COMES, Veronica Wafle**, hereinafter called Plaintiff, complaining of or about **Deutsche Bank Nations Trust Company.**

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rules of Civil Procedure 190.3 and affirmatively plead that this suit is not governed by the expedited actions process in Texas Rules of Civil Procedure 169 because Plaintiff seeks injunctive relief.

### CLAIM FOR RELIEF

2. Plaintiff seeks only monetary relief of $75,000 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney's fees.

### PARTIES

3. Plaintiffs **Veronica Wafle** are individuals living in Hidalgo County at 1008 Ragland St., Mission, Texas 78572.

4. Defendant, **Deutsche Bank Nations Trust Company,** is existing under the laws of Texas and may be served with citation by serving trustee by personal service, David R. Karle, Substitute Trustee,3217 S. Decker Lake Dr, Salt Lake City, UT 84119 or wherever they may be found.

1

**EXHIBIT**

**C-1**

C-4070-23-M

## JURISDICTION

5.  The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

6.  This court has jurisdiction over the defendant because it has purposefully availed itself of the privileges and benefits of conducting business in the State of Texas.

7.  Moreover, this court has jurisdiction to declare the rights of a person interested under a deed to the suit under §37.003 and §37.004 of the Texas Civil Practice and Remedies code.

## VENUE

8.  Venue in Hidalgo County is proper pursuant to §15.002(a)(1) of the Texas Civil Practices and Remedies Code, in that Hidalgo County is the county in which all or a substantial part of the events or omissions giving rise to the potential claim or suit occurred.

9.  Venue in Hidalgo County, Texas is mandatory pursuant to §15.011 of the Texas Civil Practices and Remedies Code in that Hidalgo County is that in which all or a part of the property is situated.

## FACTS

10. On or about July 29, 2009, at Hidalgo County, Texas, Plaintiffs, **Veronica Wafle** purchased the property located at 1008 Ragland St., Mission, Texas 78572.

11. Subsequently Veronica Wafle fell behind on payments owed and is trying to resolve this issue due to too many repairs that the property needed and financially restrained due to the Covid pandemic. Thereafter, Ms. Wafle, got very ill and her employer beginning to cut her work hours to the point that she lost her job. Plaintiff spoke to Defendant's representative to inform them about the situation and to come to a resolution.

Case 7:23-cv-00347   Document 1-4   Filed on 10/09/23 in TXSD   Page 3 of 6

Electronically Filed
9/29/2023 6:21 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-4070-23-M**

12. On or about August 31, 2023, Defendant about **Veronica Wafle** sent a notice of trustee's sale for foreclosure on the property. The foreclosure sale is scheduled for October 3, 2023.

13. Plaintiff has spoken to **Deutsche Bank Nations Trust Company,** to discuss the pending foreclosure to stop the proceedings. To date, Plaintiffs have not received notice that the foreclosure sale has been cancelled.

14. Plaintiffs secured a buyer for the sell and purchase of the property located at 1008 Ragland St., Mission, Texas 78572. Plaintiffs are needing additional time to close and cure the loan without going into foreclosure.

## COMMON LAW FRAUD

17. Defendant's made material representations to Plaintiffs that were false.

18. Defendant represented to Plaintiffs that the property located at 1008 Ragland St., Mission, Texas 78572.would not be foreclosed upon on October 3, 2023.

19. Defendant made this representation recklessly, as a positive assertion, and without knowledge of its truth. Defendant made these representations with the intent that the Plaintiff would act on it.

20. Plaintiff relied on the representations made by Defendant and as a result acquired a buyer for the property at issue.

21. Defendant currently has the property that is the subject of this suit listed to be foreclosed at the Hidalgo County Administration building located at 2802 S. Bus. Hwy 281, Edinburg, Texas during the October 3, 2023, foreclosure auction at 10 a.m. which will cause irreparable injury to the Plaintiff.

## EQUITABLE RELIEF

Case 7:23-cv-00347 Document 1-4 Filed on 10/09/23 in TXSD Page 4 of 6

Electronically Filed
9/29/2023 6:21 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4070-23-M

22. Plaintiffs seeks a temporary injunction enjoining Defendant from foreclosing on the property located at 1008 Ragland St., Mission, Texas 78572.

## INJUCTIVE RELEF AND APPLICATION FOR TEMPORARY RESTRAINING ORDER

23. Plaintiff's application for a temporary restraining order is authorized by Tex. Civ. Prac. & Rem. Code §65.01 1(5). See Exhibit A.

24. Plaintiff asks the Court to prevent Defendants from foreclosing, evicting or otherwise forcibly removing Plaintiff from the property.

25. It is probable that Plaintiff will recover from Defendants after a trial on the merits because Plaintiff has either fully performed, is in substantial compliance, or was excused from compliance with the purchase agreement of the property.

26. If Plaintiff's application is not granted, harm is imminent because the property will be foreclosed and result in Plaintiff being forcibly removed along with all their possessions, which will cause Plaintiff to suffer immediate and irreparable injury.

27. Plaintiff has no adequate remedy at law because Plaintiff will be unable to utilize the property and would not have any recourse against any subsequent purchaser at a foreclosure sale to reclaim the property.

28. There is not enough time to serve notice on Defendant and to hold a hearing on this application.

## REQUEST FOR TEMPORARY INJUNCTION

29. Plaintiff asks the Court to set this application for temporary injunction for a hearing and after the hearing, issue a temporary injunction against Defendants.

30. Plaintiff has joined all indispensable parties under Texas Rule of Civil Procedure 39.

31. Plaintiff requests that Defendants, and all persons claiming under Defendants, be

**C-4070-23-M**

permanently enjoined from asserting any claim on the property.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that Defendant be cited to appear and answer, and that on the final trial, the Court grant Plaintiff's injunctive relief, award actual damages, attorney's fees and costs, and any other relief at law or in equity.

Respectfully Submitted,

JUAN RAMOS LAW GROUP
4415 N. MCCOLL RD.,
MCALLEN, TEXAS 78504
(956) 630-7670


By: /s/ Juan G. Ramos, Jr.
Juan G. Ramos Jr.
Texas Bar No. 24094908
frontdesk@jramoslawgroup.com
Attorney for Plaintiff

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ramos Staff on behalf of Juan Ramos
Bar No. 24094908
frontdesk@jramoslawgroup.com
Envelope ID: 80119246
Filing Code Description: Petition
Filing Description:
Status as of 10/2/2023 8:28 AM CST

Associated Case Party: Veronica Wafle

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Juan Ramos | | frontdesk@jramoslawgroup.com | 9/29/2023 6:21:08 PM | SENT |